ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
Petitioner, Tedrick K. Knightshead, applied to take the July 2002 Louisiana bar examination. By letter dated June 18, 2002, the Committee on Bar Admissions (“Committee”) notified petitioner that he would not be certified for admission to the practice of law, principally due to his failure to provide an accurate response to a question on the bar exam application.[1] On *968 July 12, 2002, this court permitted petitioner to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply for the appointment of a commissioner to take character and fitness evidence. In re: Knightshead, 02-1888 (La.7/12/02), 820 So.2d 566. Petitioner successfully passed the essay portion of the February 2003 bar exam. We thereafter appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel (“ODC”) to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing on August 12, 2003, pursuant to Supreme Court Rule XVII, § 9(B). The commissioner received documentary evidence and heard testimony given by petitioner and his witnesses. In addition, the ODC introduced evidence and testimony relating to a 2002 altercation involving petitioner and his former girlfriend. After hearing evidence in the case, the commissioner filed his report with this court, recommending that petitioner be admitted to the practice of law. In his report, the commissioner found petitioner “presented sufficient and satisfactory evidence that he has the requisite good moral character and fitness to be licensed to practice law in the State of Louisiana.” Neither petitioner nor the Committee objected to the commissioner’s recommendation.
After reviewing the evidence and considering the law, we conclude petitioner is eligible to be admitted to the practice of law in Louisiana, subject to the following conditions:
1. The term of this conditional admission shall be for two years from the date of admission.
2. During the period of this conditional admission, petitioner shall participate in a counseling program approved by the Office of Disciplinary Counsel.
3. Petitioner shall be responsible for ensuring that monthly reports of his progress and participation in the program are forwarded to the Office of Disciplinary Counsel.
4. Within thirty days of the conclusion of the program, a final report of petitioner’s progress and participation therein shall be forwarded to the Office of Disciplinary Counsel.
5. Within thirty days prior to the expiration of the conditional admission, the Office of Disciplinary Counsel shall file a report in this court in which it shall recommend to the court that the conditional admission be allowed to terminate or be extended.
6. Petitioner shall cooperate with the Office of Disciplinary Counsel, and shall comply with any and all requirements imposed upon him by the Office of Disciplinary Counsel.
Should petitioner fail to make a good faith effort to satisfy these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
*969 CONDITIONAL ADMISSION GRANTED.
VICTORY, J., dissents and would deny admission.

. The question inquires about disciplinary action by a college or university, and petitioner gave a negative response to the question. However, a disciplinary proceeding was instituted against petitioner in 1996 while he was *968 an undergraduate student at Louisiana State University.